UNITED STATES DITRCIT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANTHONY PIPPEN                                    CASE NO.:

    Plaintiff,

-vs-

EXPERIAN INFORMATION SOLUTIONS,
INC., and STATE FARM BANK, F.S.B.,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Anthony Pippen, by and through the undersigned counsel, sues Defendants, Experian Information Solutions, Inc., (hereinafter "Experian"), and State Farm Bank, F.S.B. (hereinafter "State Farm Bank") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* ("FCRA").

2.    Today in America there are three major consumer reporting agencies, Equifax, Experian, and Trans Union.

3.    Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply

parrot information they receive from furnishing entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendant's transact business within this District.

9. The Plaintiff is a natural person and resident of the State of Alabama, residing in Jefferson County, Alabama.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11. Upon information and belief, Experian is a corporation headquartered in the State of California, authorized to do business in the State of Alabama through its registered agent, C T

Corporation System, located at 2 North Jackson Street, Suite 605, Montgomery, Alabama, 36104.

12. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f).

13. Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

15. Upon information and belief, State Farm Bank is a corporation headquartered in the state of Illinois, located at State Farm Insurance, One State Farm Plaza, Bloomington, IL 61710, and which conducts business in the state of Alabama.

16. State Farm Bank is a corporation collecting an alleged obligation which arises out of personal, family, or household transactions.

17. State Farm Bank is a corporation attempting to collect an alleged consumer debt from the Plaintiff.

18. State Farm Bank is a "Furnisher of Information" as that term is used in 15 U.S.C. § 1681s-2.

19. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by U.S.C. § 1692(a)(5).

## FACTUAL ALLEGATIONS

20. Plaintiff is a natural person who is alleged to owe a debt to State Farm Bank.

21. Plaintiff has never had an account with State Farm Bank.

22. Upon information and belief, in or around February of 2017, State Farm Bank began reporting an account on Plaintiffs Experian credit report.

23. Plaintiff does not owe the alleged debt.

24. In or around June of 2020, Plaintiff became aware of fraudulent accounts being reported on his credit reports.

25. In June of 2020, Plaintiff filed an Identity Theft Police Report.

26. In June of 2020, Plaintiff mailed written dispute letters with attached Police Report, to Experian, Equifax, and Trans Union concerning the fraudulent reporting.

27. In July of 2020 Plaintiff received dispute results from Trans Union and Equifax removing all of the fraudulent accounts/inquires.

28. In October of 2020, Plaintiff mailed second dispute letter to Experian concerning the fraudulent reporting.

29. Upon information and belief, in Ocotober of 2020, Experian notified State Farm Bank of the dispute.

30. Upon information and belief, in October of 2020, State Farm Bank verrifed the alleged debt and contined to report the account on Plaintiff's Experian Credit Report.

31. State Farm Bank failed to report the proper information on Plaintiff's credit reports despite having been given ample notice of its error.

32. Experian kept the fraudulent account and inaccurate information on Plaintiff's credit report despite being notified that Plaintiff did not owe the alleged debt.

33. To date, Experian has failed to report the proper information on Plaintiff's credit report, despite having been given ample notice of its error.

34. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Increased auto re-finace rate;

    ii. Lost opportunities to apply for credit while his credit is being negatively affected;

    iii. Loss of time;

    iv. Mental anguish, stress, and other related impairments to the enjoyment of life.

35. All conditions precedent to the filing of this action has occurred.

## CAUSES OF ACTION

### COUNT I
### (Violation of the FCRA - As to Defendant, Experian Information Solutions, Inc.)

36. Plaintiff re-alleges and fully incorporates paragraphs one (1) through thirty-five (35) as if fully set out herein.

37. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

38. As a result of this conduct, action, and inaction of Experian, the Plaintiff suffered damages by delay in reapplying for credit, loss of credit, loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

39. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

40. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT II
**(Violation of the FCRA - As to Defendant, Experian Information Solutions, Inc.)**

41. Plaintiff re-alleges and fully incorporates paragraphs one (1) through thirty-five (35) above as if fully set out herein.

42. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from sources it has to know are unreliable.

43. As a result of this conduct, action, and inaction of Experian, the Plaintiff suffered damage by delay in reapplying for credit, loss of credit, loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

44. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

45. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT III
### (Violation of the FCRA – as to Defendant, State Farm Bank, F.S.B.)

46. The Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set out herein.

47. State Farm Bank published the State Farm Bank representations to Experian, and through Experian, to all of Plaintiff's potential lenders on multiple occasions.

48. State Farm Bank violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of State Farm Bank's representation; by failing to review all relevant information regarding same; by failing to accurately respond to Experian and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the State Farm Bank representations to the consumer reporting agencies.

49. State Farm Bank violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian after State Farm Bank had been notified that the information was inaccurate.

50. State Farm Bank did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in the State Farm Bank representation. It also had substantial evidence by which to have verified that the Plaintiff was not the responsible party. State Farm Bank knowingly chose to follow procedures which did not review, confirm, or verify who the responsible party was for the debt in question. Further, even if State Farm Bank would attempt to plea ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party.

51. As a result of this conduct, action, and inaction of State Farm Bank, the Plaintiff suffered damage by delay in reapplying for credit, loss of credit, loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

52. State Farm Bank's conduct, action, and inaction was willful, render it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

53. The Plaintiff is entitled to recover costs and attorney's fees from State Farm Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, STATE FARM BANK, F.S.B., for statutory damages, punitive

damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

*/s/ Ike Gulas*
Ike Gulas, Esquire
Alabama Bar No.:0576S82T
Morgan & Morgan, P.A.
2031 2nd. Ave. N.,
Birmingham, AL 35203
Telephone: (205) 517-6858
Facsimile:  (205) 517-6878
IGulas@ForThePeople.com
*Local Counsel for Plaintiff*

*/s/ Jason R. Derry*
Jason R. Derry
Florida Bar No.: 0036970
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 257-0577
jderry@ForThePeople.com
jkneeland@ForThePeople.com
eshillinglaw@ForThePeople.com
smcgee@ForThePeople.com
*Attorney for Plaintiff*